JOHN H. BOYD, Appellant, v. CITY OF AMES.

INSTRUCTIONS: *Injury through defective sidewalk.* Where plaintiff was thrown and injured on a defective sidewalk an instruction that if plaintiff was not thrown and injured, as claimed by him, or was not free from contributory negligence, he could not recover, was proper.

REVIEW ON APPEAL: *Conflict in evidence—What is.* In an action occasioned by a defective sidewalk, a verdict for defendant will not be reversed, as contrary to the evidence, though there may not have been a direct conflict in the evidence on every material point.

*Refusal to allow amendment.* Error assigned for the refusal of the trial court to allow the plaintiff to amend his petition at the close of the trial will not be considered on appeal, where the amendment offered was not set out in the record.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 9, 1900.

ACTION at law to recover damages for injuries received by plaintiff while walking along one of the streets of defendant city. There was a trial to a jury, resulting in a verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Geo. W. Dyer* for appellant.

*McCarthy & Lee* and *H. M. Funson* for appellee.

DEEMER, J.—While walking along one of the streets in the defendant city, plaintiff fell and received the injuries of which he complains. He charges that his fall was due to the defective and unsafe condition of the sidewalk over which he was passing, and that he was at the time exercising due care. The principal complaint made by plaintiff is that the court erred in denying his motion for a new trial. He insists that the verdict is contrary to the evidence and the instructions, and that the court erred in denying him the right to amend his pleadings, and in the giving of one of its instructions. The rule with reference to interfering with verdicts, especially where the court has seen and heard all the witnesses and denied a motion for a new trial, is so well understood by the profession that it need not be repeated here. It is enough to say that, while there may not have been a direct conflict in the evidence on every material point, yet there was a square conflict regarding the condition of the walk, and on the proposition of defendant's knowledge of that condition. The circumstances shown in evidence, regarding the manner in which

plaintiff received his injuries, and attending his conduct, as bearing on the question of contributory negligence, were such that the jury was not bound to find for plaintiff on these issues. That we would have been better satisfied with a different conclusion from that reached by the jury is not enough to justify interference. The record must show an abuse of discretion in the trial court in overruling the motion. That does not appear. The record, with reference to the amendment to the petition, is as follows: "By the Plaintiff's Attorney: We offer an amendment to the petition in compliance with the proofs; objected to as incompetent and immaterial. By the Court: So far as it is. material, I think it is included in the allegation already made. At this time it will not be filed. (The plaintiff excepts.)" The amendment itself does not appear. Manifestly no error is shown.

The part of the instruction complained of reads as follows: "Or if you do not find that plaintiff was thrown and injured as claimed by him, or if you believe he was thrown and injured, but do not find that. he was free from negligence on his part contributing to said injury then he cannot recover in this action." Abstractly considered, this instruction is clearly correct. But it is said there was no evidence on which to base it. If the case was a proper one for the jury, it is manifest that the instruction quoted was necessary to a full statement of the case. The real point is that the verdict is contrary to the evidence. That complaint has already been answered, and we need only say we discover no error.—Affirmed.